OPINION
Defendant-appellant, James M. Reynolds, appeals his conviction for driving while under the influence of alcohol in violation of R.C. 4511.19(A)(3). Appellant entered a no contest plea to the charge after he unsuccessfully moved to suppress the results of his breath test and statements he made to the arresting officer.
In a single assignment of error, appellant claims the following:
 THE TRIAL COURT ERRED TO THE PREJUDICE OF DEFENDANT-APPELLANT BY OVERRULING THE MOTION TO SUPPRESS AS IT RELATES TO THE RESULTS OF THE BREATH TEST AND STATEMENTS MADE BY DEFENDANT-APPELLANT TO THE ARRESTING OFFICER.
Appellant submits that the results of his breath test should have been suppressed because the arresting officer failed to advise him of his right to an independent chemical test. R.C.4511.19(D)-(3) provides that: "The person tested may have a physician, a registered nurse, or a qualified technician or chemist of his own choosing administer a chemical test or tests in addition to any administered at the request of a police officer, and shall be so advised." In support of his position, appellant relies on State v. Thurman (June 28, 1995), Montgomery App. No. 14741, unreported, which held that chemical test results must be suppressed if a defendant who is charged pursuant to R.C.4511.19(A)(2)-(4) is not informed of the right to obtain an independent chemical test.
This court has repeatedly held that even though the failure to advise a suspect of his right to an independent test constitutes a statutory violation of R.C. 4511.19(D), the failure to so advise is not a constitutional violation and does not require a suppression of the results of tests administered by the police. State v. Trissel (Aug. 19, 1996), Warren App. No. CA95-12-121, unreported; State v. Hoffman (May 28, 1996), Brown App. No. CA95-11-019, unreported; State v. Murphy (Dec. 29, 1995), Brown App. No. CA95-05-010, unreported; State v. Herman (Aug. 21, 1995), Warren App. No. CA95-02-014, unreported. Based upon our prior decisions, we hereby reject appellant's claim that the test results should have been suppressed due to the failure to advise appellant of his right to an independent test.
Appellant also argues that incriminating statements he made while performing field sobriety tests should likewise be suppressed. It is appellant's position that these statements are inadmissible on the basis of State v. Robinette (1993), 73 Ohio St.3d 650. Robinette was recently overturned by the United States Supreme Court and is inapplicable to the case at bar. See Ohio v. Robinette (1996), ___ U.S. ___, 117 S.Ct. 417.
For the reasons set forth above, appellant's assignment of error is without merit and is hereby overruled.
Judgment affirmed.
POWELL, P.J., and KOEHLER, J., concur.